# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRY PLEASANT, | ) | 1:13-cv-329 LJO GSA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | INFORMATIONAL ORDER |
| MICHELLE TURNER; R. RUSMUSSEN; MATTEW SERRATTO, | ) | |
| Defendants. | ) | |

## INFORMATIONAL ORDER TO PRO SE PRISONER LITIGANTS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action. In litigating this action, the parties must comply with the Federal Rules of Civil Procedure (F.R.C.P.) and the Local Rules of the United States District Court, Eastern District of California (Local Rules). This order highlights specific rules of which the parties should take particular note. FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS. See Local Rule 110; F.R.C.P. 41(b).

1. Documents intended to be filed with the court must be mailed to the Clerk of the Court. See Local Rule 134(a). All documents improperly mailed to a judge's chambers will be stricken from the record.[1] A document requesting a court order must be styled as a motion, not a letter. See F.R.C.P. 7.

---

[1] When a document is stricken, it becomes a nullity and is not considered by the court for any purposes.

1

1      2. Each document submitted for filing must include the original signature of the filing
2 party or parties. Local Rule 131; F.R.C.P. 11(a). <u>All documents submitted without the required
3 signature(s) will be stricken</u>. Each separate document must be separately stapled. <u>See</u> Local
4 Rule 130. If a document is stapled behind another document, it will not be filed and will not
5 enter the court docket.

6      3. All documents filed with the court must be submitted with an additional legible
7 conformed copy for the court's use. <u>A document submitted without an extra copy for the court's
8 use will be stricken</u>. If the filing party wishes the court to return a file-stamped copy, he or she
9 must include an additional copy for that purpose (i.e., submit an original and two copies, one for
10 the court's use and one to be returned) AND a pre-addressed postage paid envelope. <u>The court
11 cannot provide copy or mailing service for a party</u>, even for an indigent plaintiff proceeding in
12 forma pauperis. Copies of documents from the court file may be obtained at the cost of fifty
13 cents per page.

14      4. After defendants have appeared in an action by filing a pleading responsive to the
15 complaint (i.e., an answer or a motion to dismiss), all documents filed with the court must
16 include a certificate of service stating that a copy of the document was served on the opposing
17 party. <u>See</u> F.R.C.P. 5; Local Rule 135. <u>A document submitted without the required proof of
18 service will be stricken</u>. Where a party is represented, service on the party's attorney of record
19 constitutes effective service.

20      5. All filings must bear the file number assigned to the action, followed by the initials of
21 the District Court Judge and the Magistrate Judge to whom the case is assigned. Where plaintiff
22 simultaneously pursues more than one action, he or she must file separate original documents and
23 the appropriate number of copies in each action to which the document
24 pertains. <u>Documents submitted listing more than one case number in the caption will be stricken</u>.

25      6. The court cannot serve as a repository for the parties' evidence (i.e., prison or medical
26 records, witness affidavits, etc.). The parties may not file evidence with the court until the course
27 of litigation brings the evidence into question (for example, on a motion for summary judgment,
28 at trial, or when requested by the court). <u>Evidence improperly submitted to the court will be

stricken and returned to the party.

    7. No discovery may be conducted until an answer is filed and the court issues an order opening discovery.  Discovery propounded on a party is self-executing, and must be served directly on the party from whom discovery is sought; parties should not file copies of their discovery with the court.  See Local Rules 250.1, 250.2, 250.3.  Discovery documents inappropriately submitted to the court will be stricken.  Where the response to discovery is unsatisfactory, the party seeking discovery may file a motion to compel discovery, including a copy of the discovery propounded and the response thereto.  See F.R.C.P. 37.

    8. Along with the discovery order, the Court will set scheduling dates for the close of discovery and pretrial motion activities, for pretrial conference, and for trial.  Because plaintiff is incarcerated and proceeds pro se, all pretrial motions will be submitted without a hearing.  See Local Rule 230(l).  The parties are referred to Local Rule 230(l) for the briefing schedule on motions, motion activities, for pretrial conference, and for trial.

    9. All court deadlines will be strictly enforced.  Requests for time extensions must state the reason the extension is needed and must be filed with the court before the deadline in question.  See Local Rule 144.

    10. A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised of his or her address.  If a plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice.  See Local Rule 182(f).  If mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the court will not attempt to remail it.  If the address is not updated within sixty days of the mail being returned, the action will be dismissed for failure to prosecute.  See Local Rule 183(b).

    IT IS SO ORDERED.

    Dated:   **March 29, 2013**                    /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE