1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**EASTERN DISTRICT OF CALIFORNIA**

7

8  TERRY K. PLEASANT,

No.  1:13-cv-00329 LJO-GSA

9         Plaintiff,

10      v.

**ORDER REGARDING THE LEGAL SUFFICIENCY OF PLAINTIFF'S COMPLAINT**

11  MICHELLE TURNER, RYAN
   RASMUSSEN, and MATTHEW
12  SERRATTO,

13         Defendants.

**(Doc. 1)**

14
15
16

## I.   INTRODUCTION

17      Plaintiff Terry Pleasant ("Plaintiff"), proceeding *pro se* and *in forma pauperi*s, filed this

18  malicious prosecution action based on a prior criminal proceeding against him in Merced County

19  Superior court.  Plaintiff's instant complaint alleges malicious prosecution claims against three

20  individual defendants who were connected to the prior criminal proceeding: (1) Matthew Serratto,

21  a Deputy District Attorney with the Merced County District Attorney's Office ("Deputy D.A.

22  Serratto"), who prosecuted Plaintiff in the underlying criminal case; Ryan Rasmussen, an officer

23  with the Merced Police Department ("Officer Rasmussen"), who investigated the underlying

24  criminal case; and Michelle Turner, a private citizen, who was the complaining witness in the

25  underlying criminal case.  (Doc. 1).  For the reasons discussed below, Plaintiff's complaint is

26

27  dismissed with leave to amend.

28

1

## II.   SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e), the Court must conduct an initial review of Plaintiff's complaint for legal sufficiency.  The Court must dismiss a complaint, or portion thereof, if it determines that the action is legally "frivolous or malicious;" "fails to state a claim upon which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  If a complaint fails to state a valid claim, the Court may grant leave to amend to the extent the deficiencies may be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

The Supreme Court cases, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 566 U.S.662 (2009), set forth a "plausibility" standard which a complaint must meet to sufficiently state a claim.  While not a probability requirement, *Twombly* and *Iqbal's* plausibility standard requires a complaint to contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 566 U.S. at 678.  Rather than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 555 and 570.  In assessing the plausibility of a claim to relief, well-pleaded factual content is accepted as true.  Legal conclusions couched as factual allegations are not, however, entitled to an assumption of truth.  *Iqbal*, 566 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not accepted as true).  In sum, after *Twombly* and *Iqbal*, a complaint cannot simply allege the plaintiff's entitlement to relief; rather, it has to demonstrate the plausibility of any claimed entitlement with relevant facts.

The Court notes that the pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

2

1   Accordingly, pro se pleadings are construed liberally, with plaintiffs afforded the benefit of any

2   doubt. *Id.*

3                       **III.     PLAINTIFF'S ALLEGATIONS**

4
5           Plaintiff was prosecuted in Merced County Superior Court on felony charges of

6   threatening great bodily injury; false imprisonment; battery with serious bodily injury; assault by

7   force likely to cause great bodily injury; and sodomy by force, all allegedly committed against

8   Michelle Turner.  (Doc. 1, Exh. G).  On February 1, 2013, Plaintiff was convicted of threatening

9   great bodily injury, battery with serious bodily injury, and assault by force likely to cause great

10  bodily injury.  Plaintiff was found "not guilty" of the false imprisonment and sodomy by force

11  charges.  (Doc. 1, p. 3; Doc. 1, Exh. I, p. 2).

12
            In the instant complaint, Plaintiff brings malicious prosecution claims against Matthew
13
    Serratto, the deputy district attorney who prosecuted Plaintiff's criminal case; Merced Police
14
    Officer Ryan Rasmussen, who investigated the prior criminal case; and Michelle Turner, a private
15
16  citizen and the complaining witness in the prior criminal case.

17          Plaintiff alleges that "Defendant Michelle Turner acted without probable cause in

18  reporting to Defendant R. Rasmussen[,] [a] Merced police officer[,] that on or about April 30,

19
    2012[,] Plaintiff falsely imprisoned and forcibly sodomized her, in that the report was false and
20
    Defendant made it without an honest belief in the truth of the criminal charges."  (Doc. 1, p. 6).
21
22          Plaintiff next alleges that "Defendant R. Rasmussen[,] a Merced police officer[,] acted

23  without probable cause when he forwarded Defendant Michelle Turner's false report to the

24  District Attorney's Office[,] to Defendant Matthew Serratto."  (Doc. 1, p. 7).  Plaintiff alleges that

25  Officer Rasmussen "knew from experience" that Ms. Turner was "making a false report," because

26
    she had refused his offers to call an "advocate from the Valley Crisis Center to come out" to help
27
    her and had also refused a medical test that potentially could have substantiated her charges of
28

                                            3

forcible sodomy  (Doc. 1, pp. 7-8).  Plaintiff alleges that in forwarding "this false report to the Defendant Matthew Serratto[,] District Attorney's Office," Officer Rasmussen acted "without an honest belief in the truth of the criminal charges."  (Doc. 1, p. 8).

Finally, with regard to Deputy D.A. Serratto, Plaintiff alleges that he proceeded to trial on the false imprisonment and forcible sodomy counts despite the presentation of contradictory evidence at Plaintiff's preliminary hearing with respect to these counts.  (Doc. 1, p. 10).  Plaintiff alleges that Deputy D.A. Serratto thus "acted maliciously by knowingly instituting baseless criminal charges against Plaintiff and acting without probable cause."  *Id.*  Plaintiff adds that Deputy D.A. Serratto "did not believe that [the charges] were valid but filed them only out of hostility and ill will against Plaintiff."  *Id.*

Plaintiff seeks monetary damages from all defendants.  (Doc. 1, p. 11).

## IV.   DISCUSSION

### A.     This Court Lacks Subject Matter Jurisdiction Over this Case

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).  As a general matter, there are two ways in which a plaintiff can bring a claim in federal court.  First, federal jurisdiction exists where there is complete diversity of citizenship among the parties and certain other requirements are met ("diversity jurisdiction"). *See* 28 USC § 1332.  In this case, all of the parties are from California so diversity jurisdiction does not exist.  Second, federal jurisdiction exists where the plaintiff's claim arises under federal law ("federal question jurisdiction").  *See* 28 USC § 1331.  Here, Plaintiff's complaint does not reference any federal law, nor does it allege facts that satisfy the elements of a cognizable federal claim.[1]  As a result, federal question jurisdiction does not exist here either.

A review of Plaintiff's complaint suggests that Plaintiff seeks to bring state law malicious

---

[1] Along with his complaint, Plaintiff filed a form used by prisoners in filing claims under the Civil Rights Act, 42 U.S.C. § 1983.  However, Plaintiff's complaint itself clearly does not allege claims under 42 U.S.C. § 1983.

prosecution claims and has erroneously filed his complaint in federal court instead of state court. His claims, as presently alleged, are not cognizable federal claims and this Court lacks subject matter jurisdiction over them.  The Court therefore dismisses Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a cognizable claim.  Notwithstanding the above, Plaintiff conceivably may be able to state a federal claim depending on the factual circumstances of his underlying criminal prosecution.  Accordingly, leave to amend the complaint is granted.

Below, the Court sets forth legal standards for Plaintiff to consider in determining whether he may amend his complaint to proceed in federal court.  In doing so, Plaintiff should seriously consider whether he intended only to file state law claims, as those should properly be filed in state court.  Should Plaintiff elect to proceed in federal court, rather than pursuing a remedy in state court, he should amend only those claims which, after a careful review of the standards discussed below, he, in good faith, believes are cognizable in federal court.

**B.      A Federal Malicious Prosecution Claim Pursuant to 42 U.S.C. § 1983**

Plaintiff's complaint fails to raise any valid, federal, malicious prosecution claim. However, under certain circumstances, a plaintiff may bring a malicious prosecution claim pursuant to the Civil Rights Act, 42 U.S.C. § 1983, in federal court.

42 U.S.C. § 1983 provides :

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

Thus, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.[2]  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Moreover,

---

[2] The question of whether a person who has allegedly caused a constitutional injury was acting under color of state

§1983 requires that there be an actual connection or link between the actions of the defendant and the constitutional deprivation allegedly suffered.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

In order to present a cognizable claim of malicious prosecution under § 1983, a plaintiff must plead tortious conduct by defendants under the elements of a state law malicious prosecution claim, *as well as* allege that the defendants acted under color of state law and for the purpose of denying the plaintiff a specific constitutional right.[3]  *Poppell v. City of San Diego,* 149 F.3d 951, 961 (9th Cir. 1998); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) ("In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right."); *Usher v. City of L.A.*, 828 F.2d 556, 562 (9th Cir. 1987) (a malicious prosecution claim is not generally cognizable federally if the state judicial system provides a remedy, but "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights").  "In California, the elements of malicious prosecution are (a) the initiation of criminal prosecution, (b) malicious motivation, and (c) lack of probable cause."[4]  *Usher*, 828

---

law is a factual determination. *See Brunette v. Humane Soc'y of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002); *Gritchen v. Collier*, 254 F.3d 807, 813 (9th Cir. 2001); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam); *Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir. 1983).  A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981); *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006); *McDade v. West*, 223 F.3d 1135, 1139-40 (9th Cir. 2000).

[3] Plaintiff is advised that "[m]alicious prosecution, by itself, does not constitute a due process violation." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995); *also see Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004) ("no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause").

[4] "The "malice" element of the [California] malicious prosecution tort relates to the subjective intent or purpose with

6

F.2d at 562; *see also Singleton v. Perry*, 45 Cal.2d 489, 289 P.2d 794 (Cal. 1955); *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871, 765 P.2d 498 (1989) (in order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice).

Here, Plaintiff has not alleged that Defendants Michelle Turner and Officer Rasmussen acted with malice.  In addition, Plaintiff has failed to allege that any of the defendants acted for the purpose of depriving him of a constitutional right and to identify the constitutional deprivation(s) at issue.  In addition, with respect to the claim against Defendant Michelle Turner, a private citizen, Plaintiff has not alleged that she acted under color of state law.  Were Plaintiff to elect to pursue this action in federal court under 42 U.S.C. § 1983 (rather than, alternatively, bringing a malicious prosecution suit in state court), these deficiencies would have to be cured in any amended complaint filed by Plaintiff.  In the event that Plaintiff seeks to amend the instant complaint, the Court has provided additional information below to assist Plaintiff in formulating a First Amended Complaint.

### C.   Prosecutorial Immunity

To the extent that Plaintiff considers filing an amended claim against Deputy District Attorney Matthew Serratto pursuant to 42 U.S.C. § 1983, Plaintiff is advised that § 1983 actions for damages against prosecutors are precluded by absolute prosecutorial immunity in many

---

which the defendant acted in initiating the prior action, and past cases establish that the defendant's motivation is a question of fact to be determined by the jury."  *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 874, 765 P.2d 498 (1989); *also see Downey Venture v. LMI Ins. Co*., 66 Cal. App. 4th 478, 494, 78 Cal. Rptr. 2d 142 (1998) (the motive of the defendant must have been something other than that of bringing a perceived guilty person to justice or the satisfaction in a civil action of some personal or financial purpose …[t]he plaintiff must plead and prove actual ill will or some improper ulterior motive"); Cal. Penal Code § 7 ("[t]he words "malice" and "maliciously" import a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law).

instances.  In *Imbler v. Pachtman*, the seminal case on absolute immunity for prosecutors, the Supreme Court held that prosecutorial immunity applies when a prosecutor performs functions "intimately associated with the judicial phase of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  More specifically, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." [5]  *Id*; *also see Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts.").  "This immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution."  *Milstein v. Cooley*, 257 F.3d 1004, 1009 (9th Cir. 2001).  The *Imbler* Court noted, "[t]o be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.  But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest."  *Imbler*, 424 U.S. at 427.  Courts have reasoned, furthermore, that prosecutorial misconduct is deterred, alternatively, by the threat of criminal prosecution and professional discipline, and by prosecutors' accountability to either superiors or the electorate.  *Milstein*, 257 F.3d at 1008.

Plaintiff's claim of malicious prosecution against Deputy D.A. Serratto is based on the fact that he prosecuted Plaintiff for forcible sodomy and false imprisonment of Michelle Turner. Plaintiff alleges that Deputy D.A. Serratto believed these charges were not supported by probable cause but proceeded to trial on account of hostility and malice towards Plaintiff.  Plaintiff does not allege that Deputy D.A. Serratto acted for the purpose of depriving him of a constitutional

---

[5] The Court, however, left open the question of whether absolute immunity attaches to a prosecutor's acts that are functionally administrative or investigative.  *Imbler*, 424 U.S. at 430-31; *also see Jacobson v. Rose*, 592 F.2d 515, 524 (9th Cir. 1978) ("[a]lthough the Supreme Court did not consider immunity for activities which are not quasi-judicial, this court has held that if the prosecutor committed acts, or authoritatively directed the commission of acts, which ordinarily are related to police activity as opposed to judicial activity, then the cloak of immunity should not protect them") (internal quotation marks omitted).

right.  Were Plaintiff to file an amended claim against Deputy D.A. Serratto pursuant to 42 U.S.C. § 1983, he would have to establish that his claim is not barred by prosecutorial immunity.  Next, he would have to allege the elements of a state law malicious prosecution claim against Deputy D.A. Serratto, providing sufficient facts to demonstrate the plausibility of his entitlement to relief (in accordance with the "plausibility" pleading standard articulated in *Iqbal* and *Twombly*—see above).  Finally, he would have to allege, again in accordance with *Iqbal* and *Twombly's* "plausibility" pleading standard, that the prosecutor acted for the purpose of depriving him of a constitutional right and identify the specific constitutional deprivation at issue.

### D.    A 42 U.S.C. § 1983 Suit Against a Private Party

The instant complaint alleges a malicious prosecution claim against a private party, Michelle Turner.  The complaint does not allege that Defendant Michelle Turner was acting under color of state law, nor does it contain any facts to support such a claim.  The Ninth Circuit has made clear that "private parties are not generally acting under color of state law," and has further stated that "[c]onclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act."  *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (parentheses in original); *see also Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that a lawyer in private practice does not act under color of state law).

A person acts under color of state law if he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."  *Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 479 (9th Cir. 1991).  In contrast, a private party acts under

color of state law where the private party conspires with state officials to deprive others of constitutional rights.  *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010).  Similarly, "[p]rivate persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (under § 1983, a claim may lie against a private party who "is a willful participant in joint action with the State or its agents"); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) ("[a] private individual may be liable under § 1983 if she conspired or entered joint action with a state actor"); *Fonda v. Gray*, 707 F.2d 435, 437 (9th Cir.1983) ( "A private party may be considered to have acted under color of state law when it engages in a conspiracy or acts in concert with state agents to deprive one's constitutional rights.").

"To prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights.  To be liable, each participant in the conspiracy need not know the exact details of the plan, but each must at least share the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (*en banc*) (internal quotation marks and citations omitted).[6]  Similarly, an agreement between government and a private party can create joint action.  *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1231 (9th Cir. 1996) (per curiam); *see also Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir. 1983) ("One way the 'joint action' test is satisfied is if a 'conspiracy' is shown.").

Finally, Plaintiff is advised that "merely complaining to the police does not convert a private party into a state actor."  *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989)

---

[6] "Private persons cannot be held liable for conspiracy under the Civil Rights Statutes if the other conspirators are state officials who are themselves immune to liability under the facts alleged."  *Sykes v. State of Cal. (Dep't of Motor Vehicles)*, 497 F.2d 197, 202 (9th Cir. 1974).

(citing *Rivera v. Green*, 775 F.2d 1381, 1382–84 (9th Cir. 1985); *also see Tarkowski v. Robert Bartlett Realty Co*., 644 F.2d 1204, 1206 (7th Cir. 1980) ("a private person is not engaged in state action when he merely lodges a complaint with the police, the prosecutor, or when he invokes the exercise of judicial authority").  Rather, a private party acts under color of state law where authorities, in accordance with a preconceived plan, rely on the private party's judgment in effecting an arrest and obtaining an indictment.  *See, e.g., Arnold v. Int'l Bus. Machines Corp*., 637 F.2d 1350, 1358 (9th Cir. 1981); *Sims v. Jefferson Downs Racing Ass'n, Inc*., 778 F.2d 1068, 1079 (5th Cir. 1985) ("The plaintiff must show that the police in effecting the arrest acted in accordance with a 'preconceived plan" to arrest a person merely because he was designated for arrest by the private party, without independent investigation.").

## V.   ORDER

Plaintiff's complaint is dismissed.  Plaintiff is granted leave to amend his complaint.  Alternatively, Plaintiff can consider the feasibility of filing a malicious prosecution action in state court.  If Plaintiff chooses to amend the instant complaint to proceed in federal court, he shall carefully consider the standards and guidelines set forth in this order and only file an amended complaint if he believes he can allege cognizable claims.  If Plaintiff files a First Amended Complaint, the document shall bear the case number assigned to this action and be labeled "First Amended Complaint."  Plaintiff is hereby notified that an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907, n. 1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the original complaint.  *See* Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

If Plaintiff intends to proceed with this case in federal court, Plaintiff shall file a First Amended Complaint within thirty (30) days of the date of service of this order, curing the deficiencies in his original complaint as identified by the Court above.  Plaintiff is advised that

11

failure to file a First Amended Complaint within the time specified will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **October 28, 2013**                              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE